**State of WASHINGTON, Department of Social and Health Services, on behalf of Miguel Pierre, Plaintiff—Appellant,**

v.

**Jo Anne BARNHART\*, Commissioner of Social Security, Defendant—Appellee.**

No. 01–35461.

D.C. No. CV–99–01763–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2002.

Decided July 1, 2002.

---

\* Jo Anne Barnhart is substituted for her predecessor, Kenneth S. Apfel, as Secretary of Heath and Human Services. Fed. R.App. P. 43(c)(2).

Before BRUNETTI, TROTT and McKEOWN, Circuit Judges.

## MEMORANDUM **

Miguel Pierre suffers from daily encopresis[1], or fecal incontinence. An administrative law judge (ALJ) concluded Miguel was not disabled, and not entitled to Supplemental Security Income. The sole issue on appeal is whether Miguel's condition amounts to a marked limitation in the area of personal functioning. We hold that it does.

As a preliminary matter, we note that the rules governing this appeal have changed since the ALJ issued his ruling. The ALJ decided this case under interim regulations promulgated by the Social Security Administration in 1997. We are obliged to apply these same rules in our review of the case. *See* 65 Fed.Reg. 54,-751 (September 11, 2000). Accordingly, citations to 20 C.F.R. § 416.924 and 20 C.F.R. § 416.926 throughout this memorandum are understood to reference the 1997 interim rules which are no longer in effect.

The issue before the ALJ was whether Miguel suffered from two marked limitations in several broad areas such as cognition/communication, motor skills, social, personal development, and concentration, persistence, or pace, and therefore had an impairment functionally equivalent in severity to a listed impairment. 20 C.F.R. §§ 416.924(d), 416.926a(c)(4). The ALJ found that Miguel did suffer from a

marked limitation in the area of social development, but that his daily encopresis amounted to only a moderate limitation.

A marked limitation of functioning means "more than moderate" and "less than extreme." 20 C.F.R. § 416.926a(c)(3)(i)(C). "Marked limitation may arise when several activities or functions are limited or even when only one is limited as long as the degree of limitation is such as to interfere seriously with the child's functioning." *Id.* The personal development area is defined as "[t]he ability or inability to help yourself and to cooperate with others in taking care of your personal needs, health and safety (e.g., feeding, dressing, toileting, bathing; maintaining personal hygiene, proper nutrition, sleep, health habits; adhering to medication or therapy regimens; following safety precautions)." 20 C.F.R. § 416.926a(c)(4)(v).

The facts in this matter are undisputed. Testimony from Miguel's foster mother established that Miguel soiled himself on a daily and/or nightly basis. Moreover, Miguel demonstrated a deficiency in personal hygiene by remaining unconcerned with cleaning himself even when the resulting odor became noticeable to others. The record shows that encopresis affects only 1% of five-year-olds. Miguel was fifteen years old when the ALJ heard testimony that he suffered daily from this condition. It is clear to us that encopresis interferes seriously with Miguel's daily personal functioning.

Accordingly, we disagree with the ALJ's conclusion that Miguel's encopresis

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. "The essential feature of Encopresis is repeated passage of feces into inappropriate places (e.g., clothing or floor)." Amer. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders,* 107 (4th ed.1994). Miguel's condition stems from being raped at the age of six.

54

amounted to only a moderate limitation. We hold instead that Miguel's condition constitutes a marked limitation in personal functioning. In light of the ALJ's previous conclusion that Miguel also suffered a marked limitation in the area of social development, Miguel has two marked limitations, and therefore has an impairment functionally equivalent in severity to a listed impairment. The judgment of the district court is REVERSED, and the matter is REMANDED for determination of benefits. *See Moore v. Barnhart,* 278 F.3d 920, 926 (9th Cir.2002) (court has discretion to award benefits).

REVERSED and REMANDED.